# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1441 | **DATE** | 7/3/2003 |
| **CASE TITLE** | Continental Casualty Co. vs. Hartford Steam Boiler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Respondent's motion to transfer this action to the District Court of Connecticut is denied. Discovery is ordered closed on 10/30/03. Pretrial order will be due by 11/30/03; and response to any motions in limine by 12/15/03. Pretrial conference set for 1/23/04 at 3:00 p.m. Trial set for 2/9/04 at 9:30 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 07 2003 date docketed | |
| | Notified counsel by telephone. | | | 15 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 03 JUL -3 PM 3:33 | 7/3/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/Time received in central Clerk's Office | MPJ mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 0 7 2003

CONTINENTAL CASUALTY COMPANY, )
)
    Petitioner, )
)
v. )
) No. 03 C 1441
HARTFORD STEAM BOILER INSPECTION AND )
INSURANCE COMPANY, )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Continental Casualty Company ("CNA") and respondent Hartford Steam Boiler Inspection and Insurance Company ("HSB") entered into various reinsurance agreements that contained arbitration clauses. Under the arbitration agreements, disputes between CNA and HSB were to be submitted to a panel of three arbitrators. Each party would select one arbitrator, with those two arbitrators selecting the third. The arbitration agreements also provided, however, that if one party failed to timely select its arbitrator, the other party would be allowed to select two arbitrators.

A dispute arose between CNA and HSB involving the reinsurance agreements, and CNA initiated arbitration. It allegedly sent a letter to HSB demanding arbitration and naming its arbitrator. HSB claims that it never received this letter, and consequently, it failed to timely select an arbitrator. As a result CNA announced that it was selecting the second arbitrator. HSB objected and

15

attempted to name an arbitrator. Based on the dispute over the selection of arbitrators, both sides sought relief in federal court. CNA filed in this court a petition to enforce the arbitration agreement. The next day, HSB filed a claim for declaratory relief in the District of Connecticut. HSB seeks to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404. I deny the motion.

28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, a threshold question is whether CNA's petition "might have been brought" in the District of Connecticut. Astonishingly, neither party cites to the case that most quickly answers this question, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 326 (7th Cir. 1995). CNA's petition was brought pursuant to section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which permits a district court to compel arbitration according to the terms of the parties' agreement.[1] *Lauer* held that "where the arbitration agreement contains a forum selection clause, only the district

---

[1] Because the FAA does not create federal question subject matter jurisdiction, there must be an independent ground for federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Here, the parties are of diverse citizenship and satisfy the amount in controversy requirement.

court *in that forum* can issue a § 4 order compelling arbitration." 49 F.3d at 327 (emphasis in original).[2] Here, the parties agree that the arbitration agreements provide that arbitration is to take place in Chicago. Under *Lauer*, the District Court for the District of Connecticut has no authority to issue an order under section four regarding the arbitration here. CNA's motion thus could not have been brought before that court, and transfer under section 1404 is therefore not available.

The opinion in *Lauer* is well-reasoned and clear,[3] and I see no reason to discuss it in detail here. The only issue that needs to be addressed is whether *Lauer* remains good law following the Supreme Court's decision in *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193 (2000). In *Cortez Byrd Chips*, the Court held that the venue provisions of sections 9, 10, and 11 of the FAA were permissive, allowing parties to bring motions to confirm, vacate, or modify arbitration awards in any district, not just the district where the arbitration took place. *Id.* at 195. This was already the rule in the Seventh Circuit when it decided

---

[2] Although the express terms of section 4 cover only the situation where one party refuses to arbitrate at all, case law has interpreted section 4 to cover the situation where a party agrees to arbitrate a dispute, but fails to abide by the terms of the arbitration agreement. *Lauer*, 49 F.3d at 327. Indeed, *Lauer* itself was a case where both parties agreed that arbitration was appropriate; there was simply a dispute over procedural issues. *Id.*

[3] And followed by a majority of courts. *See Roe v. Gray*, 165 F. Supp. 2d 1164, 1171-72 (D. Colo. 2001) (collecting cases).

3

*Lauer*, however, and the court explained how its restrictive reading of section 4 is consistent with a permissive reading of sections 9, 10, and 11. *Lauer*, 49 F.3d at 329-30 (explaining that in post-arbitration litigation, the location of the now-completed arbitration is immaterial, while in pre-arbitration litigation, judicial economy favors the district where arbitration will occur). With the exception of a single sentence of dicta, *Cortez Byrd Chips* fails to address section 4 at all, and presents no reason to think that *Lauer* is not good law. I find that *Lauer* is good law, is directly on point, and instructs that CNA's motion could not have been brought in the District of Connecticut.

Respondent's motion to transfer is DENIED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 3, 2003